**LAW OFFICE OF BRIAN NOMI**
Brian H. Nomi, Esq. (CBN: 203059)
*Local Counsel*
215 E Daily Dr, Ste 28
Camarillo, CA 93010
P: (805) 444-5960
F: (805) 357-5333
briannomi@yahoo.com

**AYALA LAW, P.A.**
Eduardo A. Maura, Esq. (FBN: 91303)
*Pro Hac Vice Counsel* [pending]
2490 Coral Way, Ste 401
Miami, FL 33145
P: (305) 570-2208
F: (305) 503-7206
eduardo@ayalalawpa.com

Attorneys for Plaintiff
Comprehensive Wound Care, LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMPREHENSIVE WOUND CARE, LLC, | Case No. 2:25-cv-02366 |
| *Plaintiff,* | **COMPLAINT** |
| v. | |
| SNF WOUND CARE, | DEMAND FOR JURY TRIAL |
| *Defendant.* | |

Plaintiff Comprehensive Wound Care, LLC, by and through its attorneys, for its Complaint against Defendant SNF Wound Care, alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

### PRELIMINARY STATEMENT

1. This is an action for the infringement of Plaintiff's federally-registered trademarks under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair

competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), as well as for substantial and related claims of trademark infringement and unfair competition under the statutory and common laws of the State of California, all arising from the Defendant's unauthorized use of Plaintiff's marks in connection with the marketing, advertising, promotion, offering for sale, and/or sale of Defendant's services.

## PARTIES

2.     Plaintiff Comprehensive Wound Care, LLC ("Plaintiff") is a Maryland limited liability company with a principal place of business in Baltimore, Maryland.

3.     Defendant SNF Wound Care ("Defendant") is a California corporation with a principal place of business in Beverly Hills, California.

## JURISDICTION AND VENUE

4.     This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, § 1332(a), and §§ 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

5.     Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that Defendant resides in this district, and/or 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTS

I.     **Plaintiff and Its "Dr. Wounds" Marks**

6.     Plaintiff is a health care business that provides wound care services.

7.    Plaintiff is the owner of valid and subsisting United States Trademark Registration No. 5292061 on the Principal Register in the United States Patent and Trademark Office for the trademark  for health care, which has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. Attached as **Exhibit 1** is a true and correct copy of the registration certificate for Plaintiff's United States Trademark Registration No. 5292061, which was issued by the United States Patent and Trademark Office on September 19, 2017.

8.    Plaintiff is the owner of valid and subsisting United States Trademark Registration No. 6512280 on the Principal Register in the United States Patent and Trademark Office for the trademark "DR. WOUNDS" for medical services, which has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065. Attached as **Exhibit 2** is a true and correct copy of the registration certificate for Plaintiff's United States Trademark Registration No. 6512280, which was issued by the United States Patent and Trademark Office on October 5, 2021.

9.    These marks are collectively referred to as the "Dr. Wounds Marks."

10.    Plaintiff has used the Dr. Wounds Marks in commerce throughout the United States continuously since 2015 in connection with the provision, offering for sale, sale, marketing, advertising, and promotion of wound care services.

11.     As a result of its widespread, continuous, and exclusive use of the Dr. Wounds Marks to identify its wound care services and Plaintiff as the source of the services, Plaintiff owns valid and subsisting federal statutory and common law rights to the Dr. Wounds Marks.

12.     Plaintiff's Dr. Wounds Marks are distinctive to the consuming public and Plaintiff's trade.

13.     Plaintiff has expended substantial time, money, and resources in the marketing, advertising, and promoting of the wound care services sold under the Dr. Wounds Marks, including through Plaintiff's website, www.cwswounds.com.

14.     Plaintiff provides and sells wound care services under the Dr. Wounds Marks at medical facilities and through Plaintiff's website.

15.     Plaintiff's Dr. Wounds Marks are prominently displayed on its website. Attached as **Exhibit 3** is a true and correct screenshot of Plaintiff's website.

16.     Plaintiff offers and sells services under its Dr. Wounds Marks to patients in need of wound care.

17.     The wound care services Plaintiff offers under the Dr. Wounds Marks are of high quality.

18.     As a result of Plaintiff's expenditures and efforts, the Dr. Wounds Marks have come to signify the high quality of the wound care services designated by the

Dr. Wounds Marks, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

## II.  <u>Defendant's Unlawful Activities</u>

19.    Defendant is engaged in the health care business providing wound care services.

20.    Without Plaintiff's authorization and beginning after Plaintiff acquired protectable exclusive rights in its Dr. Wounds Marks, Defendant adopted and began using the mark "DR. WOUND" (hereinafter, the "Infringing Mark") in commerce.

21.    The Infringing Mark adopted and used by Defendant is nearly identical and confusingly similar to Plaintiff's Dr. Wounds Marks.

22.    Defendant has been engaged in the provision, advertising, promotion, offering for sale, and sale of wound care services using the Infringing Mark in the US. Attached as **Exhibit 4** is a true and correct screenshot of Defendant's website, <u>www.snfwoundcare.com</u>, showing Defendant's use of the Infringing Mark.

23.    The wound care services Defendant has provided, marketed, advertised, promoted, offered for sale, and sold under the Infringing Mark are identical to those of Plaintiff.

24.    Defendant has provided, offered for sale, and sold wound care services under the Infringing Mark at medical facilities and through Defendant's website.

25.    Defendant has marketed, advertised, and promoted wound care services under the Infringing Mark at medical facilities and through Defendant's website.

26.    Like Plaintiff, Defendant offers and sells services under the Infringing Mark to patients in need of wound care.

27.    Immediately upon discovering the Infringing Mark, Plaintiff contacted Defendant to provide notice that the use of the Infringing Mark was an infringement of Plaintiff's trademarks.

28.    At that time, Plaintiff believed that its notice to Defendant was sufficient to deter Defendant from further use of the Infringing Mark.

29.    However, unbeknownst to Plaintiff, Defendant continued to knowingly and willfully use the Infringing Mark.

30.    On January 24, 2025, Plaintiff's counsel sent a cease and desist letter to Defendant objecting to Defendant's use of the Infringing Mark. Attached hereto as **Exhibit 5** is a true and correct copy of Plaintiff's counsel's January 24, 2025, cease and desist letter to Defendant.

31.    On January 28, 2025, Defendant's counsel responded to the cease and desist letter, admitting that Defendant had received notice of Plaintiff's priority rights to the Dr. Wounds Marks approximately four years before, yet had continued using the Infringing Mark. Defendant's counsel claimed Plaintiff's demand for Defendant

to stop using the Infringing Mark was "too late." Attached hereto as **Exhibit 6** is a true and correct copy of Defendant's counsel's response to the cease and desist letter.

32.     On February 4, 2025, Plaintiff's counsel replied, rejecting Defendant's contention of no liability due to laches based on Plaintiff's diligent communications with Defendant regarding its use of the Infringing Mark. Attached hereto as **Exhibit 7** is a true and correct copy of Plaintiff's counsel's reply.

33.     On February 10, 2025, Defendant's counsel sent another response, once again admitting Defendant's infringement of Plaintiff's trademarks, but arguing that "after receiving of notice of infringement more than four years ago, [Plaintiff] failed to take action" despite being told by Defendant that it would not discontinue usage of the Infringing Mark. Attached hereto as **Exhibit 8** is a true and correct copy of Defendant's counsel's February 10, 2025, response.

34.     Defendant's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of Defendant's services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that the Defendant's services originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

35.     Defendant's acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's Dr. Wounds Marks, to cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's services to Defendant.

36.    Defendant's actions are causing and will continue to cause damage and immediate irreparable harm to Plaintiff and its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

## COUNT I – Federal Trademark Infringement

37.    Plaintiff repeats and realleges paragraphs 1 through 36 hereof, as if fully set forth herein.

38.    Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's services, and is likely to cause consumers to believe that Defendant's services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated or sponsored by Plaintiff. Defendant's conduct thus constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

39.    Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the Dr. Wounds Marks and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

40.    Defendant's conduct as alleged herein is causing immediate irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

41.    Plaintiff is entitled to, among other relief, injunctive relief and an award of its actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT II – Federal Unfair Competition

42.    Plaintiff repeats and realleges paragraphs 1 through 36 hereof, as if fully set forth herein.

43.    Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's services, and is likely to cause consumers to believe that Defendant's services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated or sponsored by Plaintiff.

44.    Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein constitutes false designation of origin and misleading description and representation of fact.

45.    Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

46.    Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

47.     Defendant's conduct as alleged herein is causing immediate irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

48.     Plaintiff is entitled to, among other relief, injunctive relief and an award of its actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

### COUNT III – Common Law Trademark Infringement

49.     Plaintiff repeats and realleges paragraphs 1 through 36 hereof, as if fully set forth herein.

50.     Defendant's actions constitute trademark infringement under California common law.

51.     Plaintiff owns valid and subsisting common law trademark rights to the Dr. Wounds Marks for a variety of services, including wound care services.

52.     Plaintiff's Dr. Wounds Marks are distinctive, and customers have come to associate services offered under the Dr. Wounds Marks with Plaintiff.

53.     Plaintiff's use of its Dr. Wounds Marks predates Defendant's use of the Infringing Mark and has been in continuous use by Plaintiff through the present date.

54.     Defendant's unauthorized use of the Infringing Mark as alleged herein has caused and is likely to continue to cause confusion and deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's services, and is likely to cause consumers to believe that Defendant's services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated or sponsored by Plaintiff, all in violation of Plaintiff's rights under California common law.

55.     Defendant's actions were committed with knowledge of Plaintiff's prior rights in the Dr. Wounds Marks, willfully, deliberately, and in bad faith.

56.     Defendant's conduct as alleged herein is causing immediate irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

57.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual and compensatory damages, disgorgement of profits, attorneys' fees, costs, and prejudgment and post-judgment interest.

## COUNT IV – Common Law Unfair Competition

58.     Plaintiff repeats and realleges paragraphs 1 through 36 hereof, as if fully set forth herein.

59.     Defendant's unlawful actions and conduct constitute unfair competition under California common law.

60.     Defendant, without any authorization, falsely and deceptively used the Infringing Mark to advertise and provide its own services, in violation of Plaintiff's rights under California common law.

61.     As a result of Defendant's conduct passing off its services as those of Plaintiff, providing services confusingly similar to those of Plaintiff, and otherwise exploiting Plaintiff's Dr. Wounds Marks, the public is likely to be deceived about the source of Defendant's services.

62.     Defendant's acts are likely to cause confusion, deception, or mistake, and thereby constitute unfair competition in violation of Plaintiff's rights.

63.     Defendant's actions were committed with knowledge of Plaintiff's prior rights in the Dr. Wounds Marks, willfully, deliberately, and in bad faith.

64.     Defendant's conduct as alleged herein is causing immediate irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

65.     Plaintiff is entitled to, among others, injunctive relief, monetary relief, and punitive damages, together with prejudgment and post-judgment interest.

**COUNT V – Unfair Competition (Cal. Bus. & Prof. Code § 17200)**

66.     Plaintiff repeats and realleges paragraphs 1 through 36 hereof, as if fully set forth herein.

67.     Defendant's acts constitute unlawful business acts under Section 17200 of the California Business and Professions Code.

68.     Defendant's infringement of Plaintiff's Dr. Wounds Marks in violation of the Lanham Act and/or California common law constitutes unlawful business acts or practices in the course of business, trade, or in commerce, in violation of Cal. Bus. & Prof. Code § 17200.

69.     Defendant's conduct is causing irreparable injury to Plaintiff and to its goodwill and reputation and will continue to both damage Plaintiff and deceive the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

70.     Plaintiff is entitled to, among others, injunctive relief and restitution, together with prejudgment and post-judgment interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1.     That Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

2.     That Defendant has violated California common law and Section 17200 of the California Business and Professions Code.

3.     Granting an injunction temporarily, preliminarily, and/or permanently enjoining Defendant, and/or its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

a. providing, selling, marketing, advertising, promoting, or authorizing any third party to provide, sell, market, advertise, or promote any goods or services bearing the mark "DR. WOUND" or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Dr. Wounds Marks;

b. engaging in any activity that infringes upon Plaintiff's rights in its Dr. Wounds Marks;

c. engaging in any activity which constitutes unfair competition with Plaintiff;

d. making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff, or (ii) Plaintiff's services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Defendant;

e. using or authorizing any third party to use in connection with any business, goods, or services a false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

f. registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark "DR. WOUND" or any other mark that infringes or is likely to be confused with Plaintiff's Dr. Wounds Marks, or any goods or services of Plaintiff, or Plaintiff as their source; and

g. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (f).

4. Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendant

are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's services.

5.    Directing Defendant to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale, and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the mark "DR. WOUND" or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Dr. Wounds Marks, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the U.S. that distribute, advertise, promote, sell, or offer for sale Defendant's goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing the mark "DR. WOUND" or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiff's Dr. Wounds Marks, and to immediately remove them from public access and view.

6.    Directing that Defendant recall and deliver up for destruction or other disposition any and all goods, packaging, shopping bags, containers, advertisements, promotions, signs, displays, and any related materials incorporating or bearing the mark "DR. WOUND" or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of Plaintiff's Dr. Wounds Marks.

7.    Directing Defendant to abandon any applications to register the mark "DR. WOUND" or any mark consisting of, incorporating, or containing Plaintiff's Dr. Wounds Marks or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

8.    Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the court may

direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

9.   Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

10.  Directing that Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as proper to compensate Plaintiff for the damages caused thereby.

11.  Awarding Plaintiff punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

12.  Declaring this is an exceptional case pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)) and awarding Plaintiff its costs and reasonable attorneys' fees thereunder.

13.  Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

14.  Awarding such other and further relief as the Court deems just and proper.

Dated: March 18, 2025

Respectfully submitted,

By: */s/Eduardo A. Maura*
Eduardo A. Maura, Esq.
Florida Bar No. 91303
**Ayala Law, P.A.**
2490 Coral Way, Ste 401
Miami, FL 33145
P: (305) 570-2208
F: (305) 503-7206
eduardo@ayalalawpa.com
*Attorneys for Plaintiff*

EXHIBIT
1

# United States of America
## United States Patent and Trademark Office



**Reg. No. 5,292,061**

**Registered Sep. 19, 2017**

**Corrected Oct. 08, 2024**

**Int. Cl.: 44**

**Service Mark**

**Principal Register**

Comprehensive Wound Care, LLC  (MARYLAND LIMITED LIABILITY COMPANY)
3801 Canterbury Rd
Baltimore, MARYLAND 21218

CLASS 44: Health care

FIRST USE 4-10-2017; IN COMMERCE 4-10-2017

The color(s) green, gold, and black is/are claimed as a feature of the mark.

The mark consists of the wording "DR. WOUNDS" and "WOUND CARE" in green depicted on a black background between two green concentric circles. There are three gold rods in the mark, each encircled by a gold snake. One is depicted on the left between the concentric circles, one on the right between the circles, and one in the center of the smaller circle. All three gold rods are depicted on a black background. The one depicted in the center of the smaller circle also includes an x design created by two adhesive bandages in the colors green and gold.

No claim is made to the exclusive right to use the following apart from the mark as shown: "DR. WOUNDS", "WOUND CARE", AND THE REPRESENTATION OF THE ROD OF ASCLEPIUS

The name(s), portrait(s), and/or signature(s) shown in the mark identifies Dr. Jonathan Johnson, whose consent(s) to register is made of record.

SER. NO. 86-982,833, FILED 03-14-2016

*Katherine Kelly Vidal*

**Director of the United States
Patent and Trademark Office**



**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

**Requirements in the First Ten Years***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

**EXHIBIT 2**

# United States of America
## United States Patent and Trademark Office

# DR. WOUNDS

**Reg. No. 6,512,280**

**Registered Oct. 05, 2021**

**Int. Cl.: 41, 44**

**Service Mark**

**Principal Register**

COMPREHENSIVE WOUND CARE, LLC  (MARYLAND LIMITED LIABILITY COMPANY)
3801 Canterbury Rd
Baltimore, MARYLAND 21218

CLASS 41: Educational and entertainment services, namely, providing motivational speaking services in the field of wound care

FIRST USE 2-13-2017; IN COMMERCE 2-13-2017

CLASS 44: Medical services

FIRST USE 9-15-2015; IN COMMERCE 9-15-2015

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

OWNER OF U.S. REG. NO. 5292061

The name(s), portrait(s), and/or signature(s) shown in the mark identifies Dr. Jonathan Johnson, whose consent(s) to register is made of record.

SER. NO. 88-816,719, FILED 03-02-2020





Performing the Functions and Duties of the
Under Secretary of Commerce for Intellectual Property and
Director of the United States Patent and Trademark Office



---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten  Years\***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an  Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the  World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic  Application System (TEAS) Correspondence  Address and Change of Owner Address Forms available at** http://www.uspto.gov.



EXHIBIT

3



Consult Dr. Wounds






FACILITY PARTNERS    SERVICES    ABOUT    EDUCATION    JOIN OUR TEAM    BLOG    CONTACT

 202-796-8846

Protect Yourself from COVID-19 Learn More

# Comprehensive Wound Care Services

## We Heal Wounds

CONTACT US TODAY

EXHIBIT
4



**SNF**
WOUND CARE



**1.833.DR.WOUND**

| Home | Our Services | SNF Partners | Educational Courses | About Us | Blog | Contact Us |

**$199.99 Wound Care Certification | WSOC | Wound Skin Ostomy Certification Online | Self-Paced | 30 CE | RN/LPN/LVN | Approved Nationwide**

# SNF
# WOUND CARE

## Trusted by over 300 SNFs
## Over 12,000 patients a month in multiple states

Leading Wound & Skin Care Specialists at Skilled Nursing Facilities Nationwide

We provide expert bedside surgical Wound & Skin Care with unparalleled documentation that reduces hospital readmission rates while



EXHIBIT
5

**KAUFHOLD & DIX**
PATENT LAW | AN INTELLECTUAL PROPERTY LAW FIRM

January 24, 2025


SNF Wound Care
c/o Dr. Payam Tehrani
702 N Rodeo Dr.
Beverly Hills, CA 90210
DrTehrani@snfwoundcare.com


RE:          Dr. Wounds Wound Care Trademark Rights
Our File No.:  TRM2182

Dear Dr. Tehrani:


We represent Comprehensive Wound Care, LLC in connection with their intellectual property.  Our client operates a health care business which places a particular focus on wound care services, including wound care education and training.

Our client owns a registered word mark for "DR. WOUNDS" (U.S. Registration Number 6512280, the "Dr. Wounds Word Mark") that our client uses for medical services and educational services in the field of wound care.  Since September 2015, our client has been using their Dr. Wounds Word Mark to identify their business to consumers.  By February 2017, our client was also using their Dr. Wounds Word Mark for their educational services.  On October 5, 2021, their Dr. Wounds Word Mark was placed on the principal federal register.

Our client also owns a registered design mark that includes the wording "DR. WOUNDS WOUND CARE" (U.S. Registration Number 5292061, the "Dr. Wounds Design Mark").  A drawing of our client's Dr. Wounds Design Mark is below.  By April 2017, our client was using their Dr. Wounds Design Mark to identify their health care business to consumers.  The Dr. Wounds Design Mark was placed on the principal federal register on September 19, 2017.



Dr. Wounds Design Mark

During the past decade, our client has established and maintained a reputation for the quality and consistency of their brand of health care services and wound care education and training.  Our client registered the website https://www.cwswounds.com/ on April 28, 2017, to provide consumers with a platform for accessing our client's services.  Both the Dr. Wounds Word Mark and the Dr. Wounds Design Mark are prominently displayed on our client's website, allowing consumers to easily identify our client's particular brand of services.  Because of our client's excellent reputation and their substantial investment, Comprehensive Wound Care has become a leading service provider for wound care throughout the United States.

It has recently come to our attention that your company, SNF Wound Care, operates a company that provides services which are identical to our client's services.  Your company uses the website https://www.snfwoundcare.com/ (the "SNF Wound Care website") to advertise your company's health care services and wound care educational services.  The SNF Wound Care website was registered on June 2, 2017, nearly two years after our client began using their Dr. Wounds Word Mark for their medical services, and nearly four months after our client began using their Dr. Wounds Word Mark for their educational services.

Like many service providers, your company's website includes a phone number that consumers can use to contact your company.  Specifically, your company's phone number is displayed as 1.833.DR.WOUND (the "Dr. Wounds Phone Number.")  By August 3, 2018, nearly three years after our client began using their Dr. Wounds Word Mark, your company was prominently displaying the Dr. Wounds Phone Number on your company's website.  A screenshot from your company's website, taken on August 3, 2018, and accessed by our firm using the Wayback Machine® on January 24, 2025, is provided below.



SNF Wound Care Website Screenshot From August 3, 2018



SNF Wound Care Website Screenshot Obtained January 24, 2025

Currently, your company's website incorporates the Dr. Wounds Phone Number in the header of your company's website, instead of being centrally positioned at the top of the home page. A screenshot of your company's current website homepage, which we obtained on January 24, 2025, is provided above. These screenshots show that SNF Wound Care has been using our client's Dr. Wounds Word Mark, without permission, for at least six years. We believe that your company's use of the Dr. Wounds Phone Number is leading consumers to the mistaken conclusion that your company is associated with our client, Comprehensive Wound Care, and their Dr. Wounds brand.

Because our client began using their Dr. Wounds Word Mark at least three years before the SNF Wound Care Website started using the Dr. Wounds Phone Number, our client has clear priority to the mark. Given those facts, and that both companies provide identical services, we believe that SNF Wound Care directly copied our client's mark. Even if SNF Wound Care did not knowingly and purposefully copy our client's trademarks, their unauthorized use constitutes trademark infringement and unfair competition under state and federal law.

Our client consistently enforces their trademark rights through all legal means. However, our client is prepared to resolve this matter amicably. At this point, instead of initiating legal action, our client merely requests that SNF Wound Care immediately cease and desist all infringing activity. Specifically, our client requests that SNF Wound Care:

- Immediately cease all use of the Dr. Wounds Phone Number, including from the company's website and other promotional materials;
- Agree to permanently refrain from using the Dr. Wounds Phone Number, including an agreement to permanently refrain from filing for state or federal trademark registration for the Dr. Wounds Phone Number;
- Agree to add a disclaimer to the SNF Wound Care website notifying customers that SNF Wound Care is not associated with Comprehensive Medical Services or the Dr. Wound brand; and
- Agree to institute a policy wherein SNF Wound Care will immediately direct any consumers who mistakenly contact SNF Wound Care instead of Dr. Wounds or Comprehensive Medical Services to Comprehensive Medical Services, and will promptly report such instances of actual consumer confusion to Comprehensive Medical Services.

Our client is not currently seeking monetary damages or any other relief but specifically reserves the right to do so in the future if a resolution to our client's satisfaction is not reached. Please contact me within ten (10) days of your receipt of this letter to confirm that you agree to cease using our client's intellectual property in the manner described above.  If you or your attorney have any questions about this letter or wish to contact me, you may reach me at 605-334-1571.

Best Regards,

Anna Moe
Trademark Attorney

EXHIBIT

6



16152 Beach Boulevard, Suite 207
Huntington Beach, California 92647
Telephone: 714-698-0601
Facsimile:  714-698-0608

January 28, 2025

**<u>VIA EMAIL ONLY</u>**
info@kaufholdlaw.com

Anna Moe, Esq.
***KAUFHOLD & DIX***
764 22nd Avenue South
Brookings, SD 57006

   RE: Dr. Wounds Wound Care Trademark Rights
     Your File No.: TRM2182
     Our File No.: SNF.002

Dear Ms. Moe:

  Your  letter of January 24, 2025, regarding the above-referenced matter received by my client, SNF Wound Care (SNF), was referred to for a response.  Succinctly, your client's demand is made too late.  Perhaps you are unaware of this, but your client previously contacted SNF by telephone over four years ago to demand SNF's cessation of the phone word form (833-DrWound) of in lieu of its numerical representation.  Thereafter, your client failed to undertake any additional efforts to preclude SNF's usage of its phone word.  Consequently, under the doctrines of laches and acquiescence, your client is now precluded from enforcing his alleged trademark rights.

  Your client's unexplained and inexcusable delay to undertake any efforts to preclude SNF's usage of the phone word constitutes passive consent for the last six years pursuant to the doctrine of laches. *See Seller Agency Council, Inc. v. Kennedy Center for Real Estate...,* 621 F.3d 981, 988-989 (9th Cir. 2010).).  In *Brooks Brothers v. Brooks Clothing of California, Ltd.,* 60 F.Supp. 442, 458 (S.D.Cal.1945) *aff'd* 158 F.2d 798 (9th Cir.1947), an infringing store name used for four years without protest was found to represent consent.  In reliance upon your client's inaction, SNF has spent the last six plus years investing in, advertising and promoting his services with the telephone word, 833-DrWound.  His clientele and the industry associate 833-DrWound with SNF's services. To suddenly discontinue usage of the phone word form of his telephone number is detrimental to the continued success of his business.

  Furthermore, after contacting my client four years ago regarding this issue, and then failing to undertake any subsequent action, your client by default acquiesced to SNF's conduct. The defense of acquiescence was successful for failure to act for period less than four yours in *Golden West Brewing v. Milonas & Sons,* 104 F.2d 880 (9th Cir. 1939).  In *Golden West Brewing*, *supra*, the accused infringer submitted its allegedly infringing label to the mark holder

three years earlier without protest. Here, your client has waited more than four years to complain, after acquiring knowledge of the alleged infringement. Your client's delay after acquiring knowledge of the allegedly infringing conduct is inexcusable and represents consent. As a proximate result of this delay, SNF has spent the last four plus years investing in, advertising and promoting his services with the telephone number 833-DrWound. Consequently, pursuant to the doctrine of acquiescence, your client is equitably precluded from asserting his alleged rights.

In the extended time SNF has used phone word he has never received an inquiry seeking Comprehensive Wound Care LLC or Dr. Wounds. Moreover, all usages of the phone word by SNF are accompanied by SNF's logo and name. SNF's use of the phone word is never alone or in isolation. Moreover, SNF does not search engine optimize using the phone word as a tag.

Based upon the foregoing, we consider this matter closed. In addition, this letter is not a complete recitation of SNF's defenses. Therefore, SNF reserves all rights to assert any additional defenses at a later time.

Very truly yours,

**PLAGER SCHACK LLP**

*Mark H. Plager*

MHP/fc                                             Mark H. Plager

Cc: SNF Wound Care
cc: Healthy Horizons



EXHIBIT
7

February 4, 2025


Mark H. Plager
Plager Schack LLC
702 N Rodeo Dr.
Beverly Hills, CA 90210
DrTehrani@snfwoundcare.com


RE:        Dr. Wounds Wound Care Trademark Rights
Your File No.  SNF.002
Our File No.:  TRM2182

Dear Mr. Plager,

    We write in response to your letter of January 28,2025, regarding our client's Trademark
Rights.  Specifically, we reject your client's contention of non-liability due to laches.

    We note your admission that SNF received notice of our client's priority rights to the Dr.
Wounds Word Mark approximately four years ago.  Despite having ample time to comply with
our client's demand, SNF continues to knowingly and willfully violate our client's trademark
rights through their unauthorized use of the Dr. Wounds Phone Number.

    Our client was first notified of SNF's infringing conduct via a flyer which SNF mailed to
our client approximately four years ago.  Immediately upon receiving the flyer, our client
contacted SNF to make their initial demand that SNF stop violating our client's rights.  At that
time, our client was not working with a particular law firm to enforce their rights, and instead
relied on a mistaken belief that SNF would not knowingly attempt to pass off their services for
those of our client.  Our client subsequently continued building the Dr. Wounds brand, including
uses of the moniker across social media, at professional conferences, and in forming
partnerships, while relying on his belief that the issue had already been amicably resolved.

    When our client recently received a second marketing mailer from SNF, our client
became aware that SNF had not, in fact, ceased violating our client's rights.  Promptly upon
receiving this email, our client notified our law firm so that we could contact SNF again.  This
pattern of diligent communications from our client with SNF disproves your theory of laches,
particularly given SNF's actual knowledge that the Dr. Wounds Phone Number constitutes
infringing activity.  Such knowledge of our client's rights leaves no doubt that SNF's
infringement has been willful.


         Minneapolis, MN        Pittsburgh, PA        Las Vegas, NV        Sioux Falls, SD

         612-216-1161        412-688-6939        722-229-7199        605-334-1571

With that said, our client is still willing to discuss an amicable resolution, conditioned upon SNF's agreement to:

- Immediately cease all use of the Dr. Wounds Word Mark, including removing the Dr. Wounds Phone Number from the company's website and any other promotional materials and refraining from using the Dr. Wounds moniker in any way, including alternative spellings such as "Doctor Wounds" and "Dr. Wound;"
- Agree to permanently refrain from using the Dr. Wounds Phone Number, including an agreement to permanently refrain from filing for state or federal trademark registration for the Dr. Wounds Phone Number;
- Agree to add a disclaimer to the SNF Wound Care website notifying customers that SNF Wound Care is not associated with Comprehensive Medical Services or the Dr. Wound brand;
- Agree to institute a policy wherein SNF Wound Care will immediately direct any consumers who mistakenly contact SNF Wound Care instead of Dr. Wounds or Comprehensive Medical Services to Comprehensive Medical Services, and will promptly report such instances of actual consumer confusion to Comprehensive Medical Services; and
- Sign a settlement agreement memorializing these terms.

While we maintain hope of resolving this issue quickly and amicably, our client is prepared to file a lawsuit to enforce their rights. Specifically, if SNF is unwilling to comply with the conditions outlined above by March 1, 2025, our client will file a formal complaint.

This letter is written without prejudice to Comprehensive Wound Care, LLC's rights or claims, all of which are expressly reserved. Please contact me within ten (10) days of the date of this letter to confirm that your client agrees to cease using our client's intellectual property in the manner described above. If you have any questions about this letter or wish to contact me, you may reach me at 605-334-1571.

Best Regards,

Anna Moe
Trademark Attorney
anna@kaufholdlaw.com

EXHIBIT
**8**



16152 Beach Boulevard, Suite 207
Huntington Beach, California 92647
Telephone: 714-698-0601
Facsimile:  714-698-0608

February 10, 2025

**VIA EMAIL ONLY**
info@kaufholdlaw.com

Anna Moe, Esq.
***KAUFHOLD & DIX***
764 22nd Avenue South
Brookings, SD 57006

      RE: Dr. Wounds Wound Care Trademark Rights
          Your File No.: TRM2182
          Our File No.: SNF.002

Dear Ms. Moe:

      Thank you for February 4, 2025 letter which is compelling, albeit, to solidify my client's prior declination of your offer.

      You unequivocally admitted that your client failed to take to action in excess of six years. You further admit that after receiving of notice of infringement more than four years ago, your client failed to take action despite being told by my client, during a telephone conversation initiated by Dr. Johnson, that we would he would not discontinue use of his phone word (833-DrWound).  Your client's failure to act over a four (4) year period is neither reasonable, nor diligent considering his sophistication as a medical doctor, and the holder of a Masters Degree in Business Administration from Johns Hopkins University (2010 – 2012).  Dr. Johnson obviously had the intelligence and financial means to act four years ago, but volitionally failed to do so. These facts solidify my client's declination of your offer, and the efficacy of the defenses of laches and acquiescence.

      Based upon your client's failure to act, there has been a proliferation of the moniker Doctor Wound throughout the medical industry.  For example, Farmasia Sdn Bhd. sells multiple wound care products branded as Dr Wound. Further, Dermawound USA adopted the domain www.drwound.com and www.doctorwound.com which redirect consumers to its web site.

Based upon the foregoing, we consider this matter closed.  In addition, this letter is not a complete recitation of SNF's defenses.  Therefore, SNF reserves all rights to assert any additional defenses at a later time.

Very truly yours,

**PLAGER SCHACK LLP**

*Mark H. Plager*

MHP/fc                                                          Mark H. Plager

cc: SNF Wound Care